**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | | |
|---|---|---|
| JAYMES ANTHONY STARK | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| | ) | |
| vs. | ) | |
| | ) | |
| LEE COUNTY IOWA; STEVE SPROUL, | ) | |
| JEREMY HAMILTON; ZACHARY | ) | **COMPLAINT & JURY DEMAND** |
| COPPAGE; DUSTIN YOUNG; and CLINT | ) | |
| RAY, | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, the Plaintiff, Jaymes Stark, individually, and for his Complaint and Jury Demand against Defendants Lee County, Iowa, Steve Sproul, Jeremy Hamilton, Zachary Coppage, Dustin Young, and Clint Ray, states to the Court, as follows:

**INTRODUCTION**

1. This is an action brought to redress the deprivation – under color of policy, regulation, official decision, custom, or usage – of rights secured to Plaintiff by 42 U.S.C. §§1983 and 1985 arising under the First, Fourth and Eighth Amendments, incorporated to the States through the Fourteenth Amendment to the United States Constitution, and the Constitution of the State of Iowa, Article I, Sections 7, 8 and 17.

2. All of the wrongful and unconstitutional acts alleged below were committed by the Defendants in Lee County Iowa on or about June 29, 2016.

**JURISDICTION**

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§1983 and 1985.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b) in that one or more of the Defendants live and/or do business in this district, the rest residing in the State of Iowa, and a substantial portion of the events that give rise to this claim occurred in this district.

## PARTIES

5. At all times material hereto, Plaintiff Jaymes Anthony Stark (hereinafter referred to as "Stark") was a citizen and resident of Lee County, Iowa.

6. At all times material hereto, Defendant Steve Sproul (hereinafter referred to as "Sproul") was a Deputy employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa.

7. At all times material hereto, Defendant Jeremy Hamilton (hereinafter referred to as "Hamilton") was a Correctional Officer employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa.

8. At all times material hereto, Defendant Zachary Coppage (hereinafter referred to as "Coppage") was a Correctional Officer employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa.

9. At all times material hereto, Defendant Dustin Young (hereinafter referred to as "Young") was a Correctional Officer employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa.

10. At all times material hereto, Defendant Clint Ray (hereinafter referred to as "Ray") was a Deputy employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa.

11. Lee County is a governmental subdivision of the State of Iowa and operates a Sheriff's Office and jail involved in the unlawful and unconstitutional treatment of Stark.

## FACTUAL BACKGROUND

12. On June 29, 2016, Stark was in the custody of the Sheriff of Lee County. Stark was being transported back to the jail by Defendant Sproul after a medical appointment.

13. Stark was in the back seat of Sproul's cruiser and not belted in with either a lap or shoulder belt.

14. Stark was in leg shackles, belly chain and handcuffs.

15. While in route from the medical appointment back to the jail Sproul decided to become involved in a high speed and deadly chase in pursuit of an armed suspect that had allegedly robbed a bank.

16. The bank robbery suspect was armed and on foot. The bank robbery suspect initially fired two shots thru the windshield of Sproul's cruiser with Stark in the back seat.

17. The bank robbery suspect then filed multiple shots into the side of Sproul's cruiser with Stark in the back seat.

18. The chase included high rates of speed and crossing an open field causing Stark to be repeatedly, and with great force, bounced around in the back seat of the cruiser with no ability to steady or protect himself because his hands were cuffed and his legs were shackled.

19. The chase ended in a ravine adjacent to the farm field where shots were exchanged between the bank robbery suspect, Sproul and other law enforcement officers.

20. The suspected bank robber was shot and bled to death while Stark watched from the back seat of Sproul's cruiser.

21. Stark was seriously physically injured and emotionally traumatized by the incident.

22. Later that day after the incident Defendants Ray, Hamilton, Coppage and Young came into Stark's jail cell and tried to intimidate him into denying that he was in Sproul's cruiser at the time of the dangerous high speed chase and shooting.

23. Defendant Lee County failed to properly train and/or supervise Sproul, Ray, Hamilton, Coppage and Young; and/or failed to ensure that those law enforcement officers acted in compliance with department policy; and/or had knowledge, actual or constructive, that Sproul had a propensity to wrongfully seize detainees and force them to participate against their will in a high speed chase, and/or subject them to cruel and unusual punishment; and the other individual Defendants had a propensity to attempt to pressure or intimidate detainees from being truthful about harm they have suffered and the cause of that harm.

24. The Defendants have a pattern or practice of wrongfully seizing people, subjecting people who have been seized to cruel and unusual punishment, and/or attempting to intimidate detainees from speaking truthfully.

25. Defendant Lee County is liable for the wrongful and unconstitutional conduct of the Defendants in wrongfully subjecting Stark to an additional seizure by requiring him to participate in a dangerous and high speed chase, violating Stark's right to be free from cruel and unusual punishment; and attempting to intimidate Stark into not telling the truth about his injuries and the cause of those injuries because such conduct was in accord with the policy, pattern, or practice of the Lee County Sheriff Department; and/or due to a lack of

proper training and supervision by the Lee County Sheriff Department; and/or because of the actual or constructive knowledge of similar prior unconstitutional acts by the Defendants.

26. The actions of the individual Defendants in violation of Plaintiff's constitutional rights, constitute a willful and wanton disregard for the rights or safety of Plaintiff and caused actual damage to Plaintiff subjecting them to punitive damages.

27. At all times material hereto the Defendants were acting under color of state law.

### COUNT I - UNREASONABLE SEIZURE – SPROUL and LEE COUNTY

28. Stark repleads and realleges paragraphs 1 through 27 as fully set forth herein.

29. Although Stark was already in custody, the decision of Defendant Sproul to engage in a dangerous and high speed chase with Stark in the back seat, and not belted in, constitutes a separate and distinct additional seizure without probable cause that was unreasonable and in violation of the Fourth Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

30. Defendant Sproul's additional seizure without probable cause proximately caused damages to Stark by unlawfully and without court order, seizing him and forcing him to participate in a dangerous and high speed chase against his will in violation of his rights guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

WHEREFORE, Stark prays for judgment against the Defendants Sproul and Lee County in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages against Sproul and for such other and further relief as may be just in the premises.

### COUNT II – CRUEL and UNUSUAL PUNISHMENT – SPROUL and LEE COUNTY

31. Stark repleads and realleges paragraphs 1 through 30 as fully set forth herein.

32. Engaging in a dangerous and high speed chase that put Stark's life and health in jeopardy and doing so while Stark was not wearing a seat belt, lap or shoulder, and while Stark's hands and legs were shackled, all violated the cruel and unusual punishment prohibition of the Eighth Amendment to the United States Constitution and Article I, Section Seventeen of the Iowa Constitution.

33. Defendant Sproul's cruel and unusual punishment of Stark proximately caused damages to Stark by injuring him physically and emotionally and by putting his life and health at stake by forcing him to participate in a dangerous and high speed chase against his will in violation of his right not to be subjected to cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution and Article I, Section Seventeen, of the Iowa Constitution.

WHEREFORE, Stark prays for judgment against the Defendants Sproul and Lee County in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages against Sproul and for such other and further relief as may be just in the premises.

### COUNT III – FREE SPEECH – DEFENDANTS RAY, COPPAGE, HAMILTON, YOUNG and LEE COUNTY

34. Stark repleads and realleges paragraphs 1 through 33 as fully set forth herein.

35. Defendants Ray, Coppage, Hamilton and Young's attempt to intimidate Stark and keep him from telling the truth about his injuries and the cause of those injuries violated

Stark's freedom of speech in violation of the First Amendment to the United States Constitution and Article I, Section Seven, of the Iowa Constitution.

36. Defendants Ray, Coppage, Hamilton and Young's conduct in violating Stark's freedom of speech proximately caused emotionally and other damages to Stark in violation of the First Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

WHEREFORE, Stark prays for judgment against Defendants Ray, Coppage, Hamilton, Young and Lee County in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages against the individual Defendants and for such other and further relief as may be just in the premises.

### COUNT IV-CONSPIRACY – SECTION 1985 – ALL DEFENDANTS

37. Stark repleads and realleges paragraphs 1 through 36 as fully set forth herein.

38. 42 U.S.C. § 1985 makes it unlawful for two or more parties to conspire to deny constitutional rights and privileges to citizens such as Stark.

39. The Defendants conspired to cover up the high speed and dangerous chase that Stark was subjected to against his will, specifically attempted to intimidate him into not truthfully describing his injuries and the cause of those injuries, and have violated his constitutional rights, as set out above.

40. The Defendants' conspiracy to cover up their wrongful and unconstitutional conduct has proximately caused emotional and other damages to Stark.

WHEREFORE, Stark prays for judgment against the Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for

interest and costs as allowed by law, for punitive damages against the individual Defendants and for such other and further relief as may be just in the premises.

## COUNT V-COMMON LAW-NEGLIGENCE – ALL DEFENDANTS

41. Stark repleads and realleges paragraphs 1 through 40 as fully set forth herein.

42. Defendant Sproul, at all times material hereto, was driving and operating a patrol cruiser owned by Lee County with the owner's consent and in the course of his duties as a Deputy for the Lee County Sheriff's Department.

43. Defendants Ray, Coppage, Hamilton and Young, at all times material hereto, were employees or acting as agents of Lee County and acting in the course of their duties as law enforcement officers.

44. Defendant Sproul was negligent and at fault, and this negligence and fault was a proximate cause of the injury and damage to Stark; said negligence includes, but is not limited to:

   a) engaging in a dangerous and high speed chase with Stark in the cruiser;
   b) failing to use a seat belt, lap and/or shoulder, to secure Stark;
   c) continuing to engage in the pursuit after shots were fired at the cruiser;
   d) continuing to engage in the pursuit after it was necessary to travel through an open field at a high rate of speed;
   e) failing to have his vehicle under control;
   f) exceeding the speed limit;
   g) driving recklessly; and
   h) other specifications of negligence.

45. Defendants Ray, Coppage, Hamilton and Young were negligent in attempting

to intimidate Stark, threatening him, and trying to keep him from truthfully stating that he was an occupant of the cruiser driven by Sproul at the time of the dangerous high speed chase and had been injured as the result of that incident.

46. Stark incurred injuries and damages proximately caused by the Defendants' negligence, including, but not limited to:

  a) Past, present and future medical expenses, doctor expenses, and other health care provider expenses;

  b) Past, present and future pain and suffering, emotional loss and trauma, loss of enjoyment of life and physical discomfort;

  c) Past, present, and future loss of full function of mind and body and disability; and

  d) Other damages.

47. Pursuant to Iowa Code Chapter 321.493, Defendant Lee County is liable for Plaintiffs' damages as the owner of the vehicle driven and operated by Defendant Sproul.

48. Defendant Lee County is also liable for Plaintiffs' damages pursuant to the doctrine of *respondeat superior* since at the time of their negligence all the individual Defendants were employed by Lee County and/or acting as agents of Lee County, and acting within the scope of their employment and/or agency.

WHEREFORE, Stark prays for judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for interest and costs as allowed by law, for punitive damages against the individual Defendants, and for such other and further relief as may be just in the premises.

## **JURY DEMAND**

Stark hereby requests a trial by jury on all issues raised in his Complaint.

Respectfully submitted,

**Dave O'Brien Law**
1500 Center St. NE
Cedar Rapids, Iowa 52402
Telephone:  (319) 861-3001
Facsimile:   (319)861-3007
E-mail: dave@daveobrienlaw.com

By:    /s/ *David A. O'Brien*
          DAVID A. O'BRIEN, AT0005870

ORIGINAL FILED.